UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DECHANG YANG, | § § § | |
| Petitioner, | § § § | |
| v. | § | No. 3:25-cv-02877-B (BT) |
| THOMAS BERGAMI, et al. | § § § § § | |
| Respondents. | | |

## MEMORANDUM OPINION AND ORDER

This case is one of many habeas petitions recently filed challenging federal detention pending removal proceedings under 8 U.S.C. § 1225(b).

Petitioner Dechang Yang, a native and citizen of China, entered the United States in September 2023 without being inspected, admitted, or paroled by an immigration officer. After a brief detention, the Department of Homeland Security (DHS) released her and charged her with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i). On September 25, 2025, Immigration and Customs Enforcement (ICE) agents arrested Petitioner and detained her under 8 U.S.C. § 1225(b)(2) without bond pending her removal proceedings. On October 23-24, 2025, Petitioner filed a verified petition for habeas corpus (ECF No. 4) and a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No.

3) to enjoin ICE from detaining her under § 1225(b)(2) or, alternatively, to compel a bond hearing under 8 U.S.C. § 1226 at which DHS bears the burden of proving, by clear and convincing evidence, dangerousness or flight risk. ECF No. 1 at 11.

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572-73 (5 th Cir. 1974)). The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

Recently, the Fifth Circuit issued its published decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), holding that aliens like Petitioner—"alien[s] present within the United States who ha[ve] not been admitted" by lawful means, *see* 8 U.S.C. §§ 1225(a)(1), 1101(a)(13)(A)—are deemed to be "applicants for admission," and unless they show themselves to be "clearly and beyond a doubt entitled to be admitted," they "shall be detained" pending their removal proceeding under § 1225(b)(2)(A). In view of this new precedential authority, Petitioner cannot establish a substantial likelihood that she will prevail on the merits of her claim that she is wrongly detained under § 1225(b)(2), or that she is entitled to a bond hearing under § 1226. Thus, the Court **DENIES** Petitioner's Motion for Temporary Restraining

Order and Preliminary Injunction (ECF No. 3).

SO ORDERED THIS 18th day of February 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

3