IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DECHANG YANG | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-CV-2877-B (BT) |
| | § | |
| THOMAS BERGAMI, Warden of | § | |
| Prairieland Detention Facility, | § | |
| et al., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Immigration detainee Dechang Yang is a citizen of China who entered the United States without inspection in 2023. Amend. Pet. at 2 (ECF No. 4). On September 25, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement (ICE) under 8 U.S.C. § 1225(b)(2). *Id.* at 5.

Shortly thereafter, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and then an amended petition. He argues that he is detained under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act—not 8 U.S.C. § 1225(b)(2)—and is therefore entitled to a bond hearing under the statute. *See* Amend. Pet. (ECF No. 4); *see also* Pet. Reply in Support of TRO Motion (ECF No. 14) ("The Government agrees that the crux of this matter comes down to whether Petitioner is detained under section 1226(a) or 1225(b)(2)."). He also filed a Motion for a TRO seeking release from confinement. Mot. for TRO. (ECF No. 3).

The Fifth Circuit subsequently held in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 508 (5th Cir. 2026) that aliens like Petitioner—"alien[s] present within the United States who ha[ve] not been admitted" by lawful means, *see* 8 U.S.C. §§ 1225(a)(1), 1101(a)(13)(A)—are deemed to be "applicants for admission," and unless they show themselves to be "clearly and beyond a doubt entitled to be admitted," they "shall be detained" pending their removal proceeding under § 1225(b)(2)(A).

The Fifth Circuit's analysis and holding apply to Petitioner. Accordingly, the Court denied Petitioner's Motion for a TRO and gave the parties a chance to provide supplemental briefing on any issues remaining in this case after *Buenrostro*. Order Denying TRO (ECF No. 16); Order for Supplemental Briefing (ECF No. 17). Neither party filed supplemental briefing, so the Court proceeds to the merits of the Petitioner's habeas application.

Because Petitioner is properly confined under § 1225(b)(2)(A), he is not entitled to a bond hearing under the statute. Accordingly, the District Judge should **DENY** his habeas petitions (ECF Nos. 1 & 4) and close this case. *See Buenrostro*, 166 F.4th at 498.

**SO RECOMMENDED**.

May 26, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).